**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

JOSE ALFREDO MARTINIEZ ALANIZ, SALVADOR MONTEJO LOPEZ, IRVING ALONSO ACOSTA, MONICA MAYTE BARRIOS SANCHEZ, and LIZET HOLGUÍN VEGA

Petitioners,

v.

JESSE SLAUGHTER, Sheriff, Cascade County, ZACHARY CROSSON, Chief Patrol Agent of the Havre Sector, U.S. Customs and Border Patrol; MICHAEL BERNACKE, Utah Field Office Director, Enforcement and Removal Operations, United States Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; TODD BLANCHE, Attorney General of the United States, in their official capacities,

Respondents.

**CV-26-298-GF-BMM**

# ORDER

## INTRODUCTION

Jose Alfredo Martinez Alaniz, Salvador Montejo Lopez, Irving Alonso Acosta, Monica Mayte Barrios Sanchez, and Lizet Holguín Vega (collectively, "Petitioners") petition this Court for habeas relief pursuant to 28 U.S.C. § 2241, following their detention by the United States (the "Government"). Order on Class Certification, *Hernandez v. Crosson*, No. 4:26-cv-00280-BMM, 2026 WL 2568523, *13 (D. Mont. Aug. 31, 2026), (Doc. 41.) The Government initially identified all five Petitioners as part of the certified *Hernandez* class. Class Tracker, Ex. 1, *Hernandez*, No. 4:26-cv-00280-BMM (D. Mont Sept. 1, 2026). (Doc. 42-1.) Petitioners relied on the Government's representation and sought individual habeas relief through the class case. Motions for Additional Habeas Relief, *Hernandez,* No. 4:26-cv-00280-BMM, (D. Mont. Sept. 16, 2026), (Docs. 52, 66, 73, 81 & 84.) The Government subsequently struck Petitioners from the class list, asserting Petitioners previously had been admitted to the United States with inspection and, thus, did not qualify as part of the class. Class tracker, Ex.1, *Hernandez*, No. 4:26-cv-00280-BMM, (D. Mont. Sept. 16, 2026), (Doc. 94-1.) Petitioners now file for joint relief. (Doc. 1.) The Court finds that the Petition establishes a prima facia case for relief. (Doc. 3.) The Court directed the Government to show cause why the writ of habeas corpus should not be granted. (*Id.*) The Court will now discuss whether habeas relief should be granted for Petitioner Monica Mayte Barrios Sanchez ("Barrios Sanchez").

## LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## DISCUSSION

The Government raises identical arguments they previously raised in *Hernandez*. Response to Petition for Habeas Corpus, *Hernandez*, No. 4:26-cv-00280-BMM, (D. Mont. Aug. 4, 2026), (Doc. 13.) The Government now asserts they detain Petitioner pursuant to § 1226(a) rather than § 1225(b)(2). The Court reiterates a noncitizen may be arrested and detained under § 1226 only "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Brice v. Gantt, et al.,* No. CIV-26-1421-D, 2026 WL 2243982, at *3 (W.D. Okla. Aug. 4, 2026) (quoting *Sergio P. v. Bondi*, No. 26-CV-1538, 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (citation modified)).

One exception exists to the warrant requirement under § 1226. Authorized officers may "interrogate any alien or person believed to be an alien" concerning that person's "right to be or to remain in the United States," and can arrest that person "if [the officer] has reason to believe that the [person] . . . is in the United States in violation of any . . . law or regulation [regulating the admission, exclusion, expulsion, or removal of aliens] and *is likely to escape* before a warrant can be obtained for his arrest." 8 U.S.C.A. § 1357(a)(1), (2) (emphasis added). An authorized officer's determination that an arrested person "is likely to escape" requires that the arrested person must "be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States." *Id.*; *see Makuiza v. Wesling*, 826 F. Supp. 3d 176, 180 (D. Me. 2026).

"[A] custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued *post hoc*," when arrests properly are made without a warrant based on an authorized officers' perception of likely escape. *Makuiza*, 826 F. Supp. 3d at 180 (citing 8 C.F.R. § 287.3(d)). In other words, a proper arrest pursuant to §1226 requires either an arrest warrant to be issued before arrest, or a reasonable belief by an authorized officer upon initial investigation that a noncitizen is in the United States in violation of the law and *presents a risk of escape* if not arrested before a

warrant can be obtained. No evidence in the record indicates either condition existed in this case as applied to each of Petitioners.

The Government concedes that they arrested Barrios Sanchez without a warrant. (Doc. 8 at 2.) Nothing in the arrest record (Form I-213), or anywhere in Barrios Sanches's files provided to the Court, suggests that any CBP agent made a pre-determination that Barrios Sanchez presented an escape risk. (Doc. 7 at 9-18.) In summary, nothing in the record indicates that the Government has met the prerequisite conditions for proper detainment under § 1226. The Government argues that the arresting officer may have made an escape assessment, but notes the documentation fails to discuss it. (Doc. 8 at 2.) The Court remains unpersuaded that the arresting officer made an escape assessment because nothing in the record suggests they did.

The Court reiterates that this Court and many others have disapproved of late-issued arrest warrants and notices to appear in the specific immigration context. *See Hernandez*, No. 4:26-cv-00280-BMM, (Doc. 16 at 12-15.) The Court in *Parada Cruz v. Mullin*, No. 26-CV-1110-SJB, 2026 WL 1027441, at *3 (E.D.N.Y. Apr. 16, 2026), specifically stated that "[u]sing an after-the-fact warrant to justify a prior arrest is constitutionally problematic. It also is statutorily prohibited under the INA." *Parada Cruz* observed that the government had issued the arrest warrant and notice to appear after the petitioner had been arrested in clear

violation under previous precedent from the court in *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025).

The language of Section 236.1(b), which states that certain immigration officers have authority to issue and serve a Form I-200 arrest warrant "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time the removal proceedings are completed," suggests that "DHS may trigger Section 1226(a) *any time and in any circumstance . . . by issuing an arrest warrant.*" 806 F. Supp. 3d at 850-53 (emphasis in original). *Castañon Nava v. Dep't of Homeland Sec.,* 806 F.Supp.3d 823, 850-53. (N.D. Ill. 2025) *Castañon Nava* recognized that the court in *Maldonado v. Bostock*, No. 2:23-CV-00760-LK-BAT, 2023 WL 5804021, at *3 (W.D. Wash. Aug. 8, 2023), determined that Section 236.1(b) does not mean what the Government suggests and the implementing regulations instead clearly limit and constrain DHS officers' ability to arrest people without prior authority. *Castañon Nava*, 806 F. Supp. 3d at 850-53. *Parada Cruz* details the many courts, and 31 distinct cases, that previously have disapproved of these after-the-fact warrants and post-arrest notices to appear. *See Parada Cruz*, 2026 WL 1027441, at *10-12.

*Castañon Nava* further notes that the alternative to an arrest warrant under § 1226, detainment upon risk of escape, "is always seriously applied" and "the flight-risk determination is not mere verbiage." 806 F. Supp. 3d at 851 (quoting

*United States v. Cantu,* 519 F.2d 494, 496-97 (7th Cir. 1975), and *United States v. Bautista-Ramos,* No. 18-CR-4066-LTS, 2018 WL 5726236, at *8 (N.D. Iowa Oct. 15, 2018), report and recommendation adopted, No. 18-CR-4066-CJW, 2018 WL 5723948 (N.D. Iowa Nov. 1, 2018)). *Gopie* specifically concluded that failing to take seriously the warrant requirement or, "[b]y not making a prior or contemporaneous determination of custody, [the agents] failed to provide pre-deprivation process required in this setting." *See Gopie*, 2025 WL 3167130, at *3 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

The Court further concludes that the *Mathews* factors demonstrate that habeas relief proves appropriate. *See Mathews*, 424 U.S. at 335. Barrios Sanches's liberty interest proves significant, the Government's current procedures and practices create an unacceptable risk of error, and the Government's proffered interest, although "legitimate," remains outweighed by the private interest. *Id.*; *see e.g., Cortez Ledezma v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04599-DC-CSK, 2026 WL 2212524, at *5 (E.D. Cal. July 31, 2026) (discussing *Mathews* factors in current context of civil immigration detention); *see also Makuiza*, 826 F. Supp. 3d at 183; *Paula Sofia Ramirez Clavij, v. Polly Kaiser, et al.*, No. 25-CV-06248-BLF, 2026 WL 2211537, at *5 (N.D. Cal. July 31, 2026). The Court determines that the Government failed to comply properly and

sufficiently with the procedural protections required under § 1226 and the implementing regulations when it detained Barrios Sanchez.

The court in *Ramirez, v. Blanche, et al.,* No. 2:26-CV-1966-RFB-MDC, 2026 WL 2212520, at *1 (D. Nev. July 31, 2026), determined that the "immigration detention [of the petitioner] pursuant to a deficient Warrant for Arrest" justified immediate release. The court concluded that "[t]he government's failure to perform an initial custody determination as to [the] [p]etitioner at the outset of his detention [ran] afoul of § 1226(a) and its implementing regulations." *Id*., at *2. The court concluded that "[the] [p]etitioner's detention has been unlawful from the moment it began, and immediate release—'the typical remedy' for 'unlawful executive detention'—is appropriate here." *Id*. (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

*Chacon, v. Mattos, et al.,* No. 2:26-CV-01061-RFB-EJY, 2026 WL 1960905, at *4 (D. Nev. July 7, 2026), similarly reasoned that the "[p]etitioner's detention 'was unlawful from its inception because [the agents] detained him under the wrong statute and without affording him any notice or process whatsoever, much less the procedures due under Section 1226(a).'" (quoting *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 319-20 (E.D.N.Y. 2025)). *Perez Chacon* likewise determined that "[i]mmediate release is thus the appropriate remedy for Federal Respondents' 'detain first, justify later' approach to [the] [p]etitioner's

liberty, which mangles § 1226(a)'s regulatory framework and due process." *Perez Chacon*, 2026 WL 1960905, at *4.

*Perez Chacon* cited *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3-4 (D. Nev. Apr. 6, 2026), which concluded that "'the legal authority to arrest and detain a noncitizen under § 1226(a) derives entirely from the I-200 [administrative warrant]'s compliance with governing regulations[,]' and in the absence of a showing that the warrantless arrest exception under 8 U.S.C. § 1357(a)(2) applied at the time of the noncitizen's arrest, the petitioner's seizure was unlawful such that release was the appropriate remedy." *Perez Chacon*, 2026 WL 1960905, at *4 (citation modified). *Perez Chacon* further reasoned that "[i]n the absence of a warrant and/or initial custody determination, which establish a lawful basis for detention in the first instance, a subsequent bond hearing 'is no substitute for the requirement that [the agents] engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip' [the] [p]etitioner of his freedom." *Perez Chacon*, 2026 WL 1960905, at *4 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) (citation modified)).

*Brice, v. Gantt, et al.,* No. CIV-26-1421-D, 2026 WL 2243982, at *3 (W.D. Okla. Aug. 4, 2026), also determined that immediate release proved proper when the Government failed to provide a properly issued warrant when it detained the non-citizen petitioner. *See also Joaquin Q. L. v. Bondi*, No. 26-CV-233

(LMP/DTS), 2026 WL 161333, at *3 (D. Minn. Jan. 21, 2026) ("Since the Government did not comply with the plain language of section 1226(a), [the petitioner's] immediate release is justified.") (internal citation omitted and brackets modified); *see Cantero Perez*, 2026 WL 2206245, at *1 ("Accordingly, the [c]ourt finds that [the] [p]etitioner's detention, bond, and release are controlled by § 1226(a), which requires that [the agents] obtain a warrant prior to arresting a noncitizen, and provides for the right for release on bond. As Respondents . . . [have not] presented any prima facie evidence that [the] [p]etitioner would be a flight risk or danger to the community, the appropriate remedy is [the] [p]etitioner's immediate release.").

The Court finds distinguishable the cases cited by the Government to suggest Barrios Sanchez' requested relief proves inappropriate. For example, the petitioner in *Miranda Benevidez, v. Fereti Semaia, et al.,* No. 5:26-CV-03232-SSC, 2026 WL 2178769 (C.D. Cal. July 27, 2026), had filed a second habeas petition after already having received an individualized bond hearing before IJ and had been determined to be a flight risk. *See also Salcido Mendez, v. Secretary of Homeland Security, et al.,* No. 5:26-CV-03145-SB-AJR, 2026 WL 2138133, at *3 (C.D. Cal. July 17, 2026) (determining that release was not proper remedy for alleged violation of rights where the petitioner failed to address arguments otherwise and did not dispute that he received the Notice to Appear); *L-J-P-L- v.*

*Wamsley*, No. 3:25-CV-01390-IM, 2025 WL 2430268, at *2 (D. Or. Aug. 22, 2025) (a petitioner who had been removed twice already from United States and then returned and was again detained, was subject to mandatory detention under 8 U.S.C. § 1231(a)(2), and initial failure to use previous removal order did not justify release); *Kaur v. Hernandez*, No. C26-1914-MLP, 2026 WL 2123025, at *3 (W.D. Wash. July 23, 2026), *reconsideration denied*, No. C26-1914-MLP, 2026 WL 2168516 (W.D. Wash. July 28, 2026) (the petitioner's detention was lawful based on a final order of removal dating from 2018 pursuant to 8 U.S.C. § 1231 and the length of detention of five and a half months had not yet exceeded the presumptively reasonable period).

The Court additionally notes that it finds unpersuasive the Government's argument that Barrios Sanchez must exhaust administrative remedies before she properly can pursue habeas relief in district court. (Doc. 8 at 2-4.) Courts repeatedly have rejected this assertion even when acknowledging that courts generally require administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus. *See e.g., Lopez Benitez*, 795 F. Supp. 3d at 496; *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 778 (E.D. Mich. 2025), *aff'd*, 175 F.4th 713 (6th Cir. 2026); *G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014274, at *6 (W.D. Wash. Oct. 8, 2025), *report and recommendation adopted*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014035

(W.D. Wash. Oct. 28, 2025); *Gurrola v. Cruz*, No. 1:25-CV-02078-JLT-HBK (HC), 2026 WL 494478, at *3 (E.D. Cal. Feb. 23, 2026), *report and recommendation adopted sub nom. Herredia Gurrola v. Cruz*, No. 1:25-CV-02078 JLT HBK (HC), 2026 WL 622124 (E.D. Cal. Mar. 5, 2026); *Makuiza*, 826 F. Supp. 3d at 181 n.6.

The Court notes that 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995) (citing *Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1223 (9th Cir. 1987)); *see also Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown*, 895 F.2d at 535.

"Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). A court may waive the exhaustion requirement, however, when administrative remedies prove inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. *Laing*, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available."); *see Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) ("where the agency's position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required.").

The Court concludes that administrative exhaustion appears futile considering the BIA's recent holding that all noncitizens detained in the United States without admission are "seeking admission" for purposes of 8 U.S.C. § 1225(b)(2)(A) and must be detained. *See Singh v. Andrews*, 2025 WL 3523057, at *2 (E.D. Cal. Dec. 9, 2025) (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)). The Court additionally adopts the perspective employed in *Gopie* in

reasoning that Petitioner "is not required to exhaust a process that was deficient from the outset." 2025 WL 3167130, at *3. *Gopie* observed that the Government's cited administrative relief—in this case a hearing before an immigration judge—requires a valid custody determination be made in the first place. *Id*. *Gopie* concluded that the Government's "after-the-fact determination" proved invalid and a second chance in another setting proved unwarranted. *Id*.

The Court determines that the Government's initial failures, along with its continued dedication to enforcing a policy deemed unlawful by the majority of courts, present the precise situation in which judicial exhaustion may be excused as "available remedies provide no genuine opportunity for adequate relief" or exhaustion "would be futile." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (Sotomayor, J.) (as amended) (internal citation omitted). The Court agrees with *Kelly*, 2025 WL 2381591, at *3, that the Government's assertion that administrative exhaustion could "cure" its previous deficiencies, or even provide "an adequate remedy" "rings hollow."

The Court highlights that the "substantial constitutional questions" raised here and Barrios Sanchez' assertion that she "is in custody in violation of the Constitution or laws or treaties of the United States" further permit relief from the administrative exhaustion requirement. *Beharry*, 329 F.3d at 62; *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). The Court determines that it

proves appropriate to waive administrative exhaustion requirements in this instance.

Barrios Sanchez does not request the Court to review her removal order or the Government's processes related to her removal order. Barrios Sanchez instead challenges the lawfulness of her detention. The Government argues this Court lacks jurisdiction because the Government initiated Petitioner's removal process. (Doc. 8 at 7, 8.) The Court remains unpersuaded by the Government's citation of *Marvan v. Slaughter*, 2025 WL 1940043 (D. Mont. July 15, 2025), as *Marvan* involved different factual and legal circumstances and challenges. *Marvan* interpreted 8 U.S.C. § 1252(b)(9) and the Real ID Act as any issue "arising from any action taken or proceeding brought to remove [an illegal immigrant] from the United States" can only be reviewed by the United States Court of Appeals through a petition for review after exhausting the administrative process. *Marvan*, WL 1940043 at 2* (citing *J.E.F.M. v. Lynch*, 837 F.3d 1-16, 1029 (9th Cir. 2016).

The Ninth Circuit has explained that "[Section] 1252(b)(9) has built-in limits,' specifically, 'claims that are independent of or collateral to the removal process do not fall within the scope 1252(b)(9)." *Avila v. Warden, Golden State Annex*, 2026 WL 1765353, at *2 (E.D. Cal. June 18, 2026); (quoting *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020)). *Gonzalez* ruled that it had jurisdiction over petitioner's claims because the claims did not "ask for

a review of an order of removal, the decision to seek removal, or the process by which removability will be determined. *Gonzalez*, 975 F.3d at 810 (quoting *Dept. of Homeland Sec. v. Regents of the U. of California*, 591 U.S. 1, 19 (2020)). The claims relate to the lawfulness of a petitioner's arrest and continued detention under § 1226(a). They do not relate to the removal proceedings. The Court finds these cases to be instructive. Barrios Sanchez' claims are collateral to the removal proceedings giving the Court jurisdiction to hear Barrios Sanchez' petition for habeas relief. *Gonzalez*, 975 F.3d at 810.

The Court further notes that the jurisprudence in this immigration arena has significantly evolved over the past year and courts routinely have rejected the Government's assertion that 8 U.S.C. § 1252(b)(9), or other provisions of § 1252, bars district courts from hearing similar petitions. *See e.g., Maldonado Rojas v. Warden of the Golden State Annex*, No. 1:26-CV-04315-NW, 2026 WL 1871025, at *3 (E.D. Cal. June 29, 2026) ("Courts throughout the country have rejected this argument where the petitioner is challenging the lawfulness of his detention.") (collecting cases); *Avila v. Warden, of the Golden State Annex*, No. 1:26-CV- No. 1:26-CV-04274 (NW), 2026 WL 1765353, at *2 (E.D. Cal. June 18, 2026) ("[The] [p]etitioner's claim challenging his continued detention during the pendency of his removal proceedings fall squarely in th[e] category" of claims that fall beyond the scope of § 1252(b)(9)'s "built-in limits."); *Edgar Uriel Martinez-Salamanca v.*

*Juan Baltazar, Warden, Aurora ICE Processing Ctr., in his official capacity, et al.*, No. 26-CV-02410-PAB, 2026 WL 2083209, at *2 (D. Colo. July 20, 2026) (§ 1252(b)(9) fails to bar claim because it "does not challenge the removal proceedings themselves); *Waziri v. Raycraft*, No. 1:26-CV-1135, 2026 WL 1203744, at *1 (W.D. Mich. May 4, 2026) (same, collecting cases); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1314 (W.D. Wash. 2025), *aff'd sub nom. Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) ("And the [U.S.] Supreme Court has made clear that challenges to the interpretation of the INA's detention provisions are collateral to the removal process."); *see also Orozco-Ramirez*, 2026 WL 1329806, at *3.

"This practice of after-the-fact arrest warrants can be called many things—illegal, improper, and unconstitutional, among them. But whatever label one wishes to apply, the practice is fundamentally at odds with and offensive to lawful, constitutional behavior in this country." *Parada Cruz*, 2026 WL 1027441, at *5. The Court determines that immediate release proves appropriate, available, and proper in this case to remedy the constitutional and statutory violations committed by the Government against Barrios Sanchez. The Court defers ruling on the matter of attorneys' fees and costs. Should Barrios Sanches's counsel wish to pursue a claim for attorneys' fees and costs under the Equal Access to Justice Act (EAJA), they are instructed to file a separate motion on the issue in accordance with Local Rules.

**ORDER**

- Barrios Sanchez' Petition (Doc. 1) is **GRANTED as to herself individually.**
- The Court orders the Government to release Barrios Sanchez from custody within 24 hours of this Order, under appropriate conditions of release, and to facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.
- IT **IS FURTHER ORDERED** that the Government must return Barrios Sanchez personal property, including any personal identification and employment authorization documents, upon his release**.**
- IT **IS FURTHER ORDERED** that the Government is **PERMANENTLY ENJOINED** from detaining Barrios Sanchez pursuant to 8 U.S.C. § 1225(b)(2)(A).
- IT **IS FURTHER ORDERED** that the Government may not re-detain Barrios Sanchez pursuant to 8 U.S.C. § 1226(a) during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under 8 U.S.C. § 1226(a) and its implementing regulations. At this hearing, the Government must bear the burden of establishing that detention is appropriate by clear and convincing evidence.

- If Barrios Sanchez becomes subject to a final order of removal and Petitioner receives notice of such order, the Government may detain Petitioner for the sole and limited purpose of executing removal pursuant to 8 U.S.C. § 1231(a)(2)(A). In such an event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.
- The Court orders the Government to certify compliance with this Order by filing on the docket.
- The Court retains jurisdiction to enforce its order and judgment. Barrios Sanchez may move to reopen this case to enforce the judgment without filing a separate case.

**DATED** this 24th day of September, 2026.

Brian Morris, Chief District Judge
United States District Court